IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DENNIS HUTCHINSON,                                                                                    PLAINTIFF
ADC #143206

v.                                            4:18CV00335-JTK

TIM LOWERY, et al.                                                                                    DEFENDANTS

## MEMORANDUM AND ORDER

**I.    Introduction**

Plaintiff Hutchinson is a state inmate incarcerated at the Maximum-Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants.[1] (Doc. No. 5)

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 69-72, 76) filed by remaining Defendant Cymber Nicole Sievers (originally identified by Plaintiff in his Original and Amended Complaints as Nurse Tinkle). Plaintiff filed a Response in opposition to the Motion (Doc. No. 81).

**II.   Second Amended Complaint (Doc. No. 14, p. 4)**

Plaintiff alleged that he fell over a board and landed on his right shoulder on July 31, 2017, and reported to the infirmary for treatment about 6:15 a.m. Defendant Sievers was on duty and asked him what happened and left the room. Twenty minutes later, she returned with her lunch box, and said that she forgot he was in the room. Plaintiff asked for a sling and pain medication and Defendant agreed and placed him on one-arm duty and a lay in from work for the day. She

---

[1] Defendants Lowery, Waters, and Raper were dismissed on July 18, 2018 (Doc. No. 13), and Defendant Jones was dismissed on January 15, 2019 (Doc. No. 53).

1

said to place a sick call if it still hurt after three-four days. Defendant then left the room and Plaintiff discovered she left the building and headed home.

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendant's Motion

In her Declaration, Defendant stated that Plaintiff's medical records show he reported to the infirmary about 8:10 a.m. on July 24, 2017 with a complaint that he fell over a board and landed on his right shoulder. (Doc. No. 76-1; Doc. No. 71-1, p. 7) Defendant, who is a licensed practical nurse, recorded his subjective complaints, took his vitals and recorded her evaluation. (Doc. No. 76-1.) Plaintiff was alert and oriented and Defendant observed his right shoulder and noted no

swelling, slight bruising, no crepitus, no visible deformity, capillary response within three seconds, and pulses equal and strong bilaterally. (Id., p. 2) After Plaintiff lifted the back of his shirt, Defendant also noted two abrasions with no bleeding to the upper right side of his back. (Id.) She gave Plaintiff a one-day lay-in for no duty, a script for one-arm duty for five days, Naproxen 220 mg twice a day and analgesic balm. (Id.) Her nursing intervention instructions were to rest the injury by utilizing the sling, ice and heat the area as needed, and take Naproxen as needed. (Id.) Plaintiff remained calm during the examination and stated several times that he would be fine. (Id.) Defendant told Plaintiff to return to the infirmary if the shoulder became worse or there was a drastic change. (Id.) Finally, Defendant stated that on that day she arrived at work at 6:00 a.m., ate lunch at 1:00 p.m., left work at the end of her shift around 2:30 p.m., and did not observe anything during her exam of Plaintiff to indicate that he needed an x-ray, referral to a physician, and/or emergency care. (Id. pp, 2-3)

According to Plaintiff's the Declaration of Dr. Melanie Jones, who examined Plaintiff when he returned to the Infirmary on July 27, 2017, Plaintiff stated his pain had slightly improved but that his mobility was limited. ((Doc. No. 71-4, p. 2).) Jones noted that he was appropriately treated by nurse Sievers and then conducted a physical exam of Plaintiff, noting a tense and swollen right shoulder with bruising extended to the elbow. (Id.) Plaintiff resisted range of motion and was tender at the humeral head of the shoulder, and Jones suspected a possibly displaced fracture of the humerus. (Id., pp. 2-3) She prescribed hydrocodone acetaminophen, ordered an x-ray, and restricted him from duty and sports. (Id., p. 3) Although she initially noticed no obvious physical deformity, after she examined him she determined that the humerus was injured. (Id.) She also stated the bruising would not have been present when Sievers first examined

him and would have progressed from the time Sievers saw him. (Id.)

Jones also stated that an x-ray taken of Plaintiff's shoulder on July 28, 2017 revealed a mildly displaced fracture involving the right humeral head and neck. (Id.) Pursuant to her request, Plaintiff was examined by an orthopedic physician on August 1, 2017, who recommended a right shoulder hemiarthroplasty. (Id.) Plaintiff underwent that procedure on August 4, 2017. (Id.) After examining Plaintiff's medical records (Doc No. 71-1), Jones concluded that at the time of Defendant's encounter with Plaintiff on July 24, 2017, evidence-based medicine indicated that his injury was not emergent and did not necessitate an emergency room visit. (Id.) Plaintiff did not, at that time, present evidence of neurovascular compromise or open fracture, and Sievers appropriately mobilized the injury with the sling and provided other appropriate instructions. (Id., p. 4) In conclusion, Jones stated Defendant followed the appropriate clinical pathway in evaluating and treating Plaintiff. (Id.)

### B.  Plaintiff's Response

Plaintiff maintains that Defendant did not examine his shoulder, but only looked at it briefly, then left the exam room for a while, and later stated she forgot he was in there. He states he is an "older soldier" and was trained to remain quiet, and that he did not state he was in any kind of pain because he has been trained to take pain. (Doc. No. 81, p. 2) He believes Defendant "should have known" that his shoulder was broken, especially since it was obvious to Dr. Jones that it was broken. (Id., p. 3) Defendant's view of his shoulder as bruised was "neglect" and she should have referred him to the doctor. (Id., p. 4.)

### C.  Analysis

To support a claim for an Eighth Amendment violation, Plaintiff must prove that

4

Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

    In this case, Plaintiff provides no evidence to support a finding that Defendant acted with deliberate indifference when she first examined him after his fall.  He admits she provided him a sling and pain medication, and directed him to return if his condition did not improve in a few days.  He also appears to admit that he did not really complaint about pain at that time.

Defendant Jones stated that Defendant Sievers' actions were appropriate and consistent with sound medical practices, and that the bruising on Plaintiff's arm would not have been noticeable at Sievers' initial examination. Even assuming Plaintiff's facts to be true that Defendant left the room for a while after evaluating him, he does not deny that she returned, treated him, and told him to return if needed. There is no evidence to support Plaintiff's claim that her "neglect" constituted deliberate indifference and that she should have known to immediately refer him to a physician or emergency room. Finally, Plaintiff's allegations against Defendant constitute a disagreement over the type of treatment he received, which does not support an Eighth Amendment claim. See Beyerbach, 49 F.3d at 1326.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 69) is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO RECOMMENDED this 29th day of July, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE